**State of West Virginia, Plaintiff Below,
Respondent**

**FILED**

January 17, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 13-0150** (Harrison County 12-F-167)

**Jeffrey B., Defendant Below,
Petitioner**

## MEMORANDUM DECISION

Petitioner Jeffrey B., by counsel Keith A. Cox, appeals the Circuit Court of Harrison County's January 17, 2013, order sentencing him to the following terms of incarceration: five to fifteen years for his conviction of one count of incest; ten to twenty-five years for his conviction of one count of second degree sexual assault; and, one to five years for his conviction of one count of first degree sexual abuse.[1] These sentences followed petitioner's entry of guilty pleas to the crimes. The State, by counsel Laura Young, filed a response. On appeal, petitioner alleges that the circuit court erred in sentencing him to sentences that are excessive and disproportionate to the crimes.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

During the September 2012 term of court, a Harrison County Grand Jury indicted petitioner on eight felony charges, including three counts of incest, three counts of second degree sexual assault, and two counts of first degree sexual abuse. These charges stemmed from multiple instances of forced sexual interaction between petitioner and his adult daughter that took place from July of 2010 through December of 2010. It was alleged that on at least eight occasions, petitioner forced his daughter to engage in sexual intercourse, oral sex, and masturbation. Petitioner ultimately accepted a plea agreement and pled guilty to the above-referred charges in

---

[1] The circuit court ordered the sentence for second degree sexual assault to run consecutively to the sentence for incest, and also ordered the sentence for first degree sexual abuse to run consecutively to the sentence for incest and concurrently to the sentence for second degree sexual assault. Additionally, in keeping with the Court's policy of protecting the identities of the victims of sexual crimes, petitioner will be referred to by his last initial throughout the memorandum decision.

October of 2012. At the time, petitioner admitted that the sexual intercourse with his daughter was without her consent. Pursuant to the plea agreement, the remaining five felony counts pending against petitioner were dismissed.

In January of 2013, the circuit court heard evidence from petitioner regarding possible treatment and alternative sentencing and thereafter sentenced petitioner to the above-referred terms of incarceration. Petitioner was additionally ordered to undergo twenty years of supervised release following imprisonment. It is from the circuit court's "Judgment And Commitment Order" that petitioner appeals.

Petitioner's sole argument on appeal is that his sentences violate Article III, Section Five of the West Virginia Constitution because the punishment is not proportionate to the character and degree of the offenses for which he was convicted. We have previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Upon our review, we find that petitioner's sentence is not appropriate for review.

Specifically, West Virginia Code §§ 61-8-12, 61-8B-4, and 61-8B-7 set forth the crimes of incest, second degree sexual assault, and first degree sexual abuse, respectively. A review of petitioner's sentences show that he was sentenced within the applicable statutory guidelines for these crimes. Further, petitioner does not allege that the circuit court based its sentence on any impermissible factor, nor does the record contain any such evidence. We have further held that

> "[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syllabus point 4, *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981).

Syl. Pt. 3, *State v. Booth*, 224 W.Va. 307, 685 S.E.2d 701 (2009). The Court notes that the sentences imposed have fixed maximums set by statute and there was no life recidivist sentence below. Therefore, the Court finds that petitioner's sentence is not appropriate for our review and the same is hereby affirmed.

For the foregoing reasons, the circuit court's January 17, 2013, "Judgment And Commitment Order" is hereby affirmed.

Affirmed.

**ISSUED**: January 13, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II